IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICKI HUNTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MCCALLA RAYMER, PLLC and )<br>MICHAEL J. MCCORMICK, personally, )<br>and in his capacity as staff attorney for )<br>McCalla Raymer, PLLC; BANK OF NEW )<br>YORK MELLON CORPORATION; WILSON )<br>& ASSOCIATES, PLLC; J. SKIPPER RAY )<br>)<br>Defendants. ) | Case No. 3:12-cv-1269<br><br>Judge Trauger<br>Magistrate Judge Bryant |

To:     The Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered December 5, 2012 (Docket Entry No. 7), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

Currently pending before the Court is a motion to remand this case to the Davidson County Circuit Court by Defendant Bank of New York Mellon ("the Bank") (Docket Entry No. 13), to which plaintiff has responded (Docket Entry No. 38). There are additional Motions to Dismiss by Defendants McCalla Raymer, McCormick, and Bank of New York Mellon. (Docket Entry Nos. 13, 15).

This case suffers from a plethora of procedural and substantive problems. First among them is that the Plaintiff's pleadings do not make clear exactly who the parties are. Additionally, it appears that the Plaintiff believes that this action is actually a part of a separate case that has already been considered and dismissed by this Court.

For the reasons stated herein, the undersigned recommends that Bank of New York Mellon's Motion to Remand be GRANTED, and all other pending motions in this matter be DENIED as moot.

## II. Factual Background

The initial lawsuit between the parties was filed *pro se* by Ms. Hunter against the Defendants and others on December 10, 2010. (Case No. 3:10-cv-1164, Docket Entry No. 1). She alleged that the Bank colluded with Defendants McCalla Raymer and Michael McCormick, among others, to increase her mortgage payment by 120% and foreclose on her without providing notice. On March 7, 2012, this Court dismissed the complaint against the Bank with prejudice. (Id., Docket Entry No. 59), and on April 2, 2012, this Court dismissed the case against McCalla Raymer and McCormick without prejudice. (Id., Docket Entry No. 66). Hunter appealed the dismissal of claims against McCalla Raymer and McCormick on May 4, 2012. (Id., Docket Entry No. 71). The Sixth Circuit dismissed the appeal on May 24, 2013. (Id., Docket Entry No. 87).

This action stems from the same underlying sequence of events. This action was filed by the Bank against Ms. Hunter in the Circuit Court for Davidson County ("Circuit Court") on June 14, 2012. (Docket Entry No. 1-2). The Bank sought to obtain possession of the same property that was in dispute in the original District Court case. (Id.). Ms. Hunter filed a notice of removal with the *Circuit Court* on July 18, 2012 (Docket Entry No. 1-2 at 3), but failed to actually file a petition of removal with *this* Court until September 26, 2012. (Docket Entry No. 1 at 1).[1] In her

---

[1] In her response to the Bank's motion, Plaintiff asserts that her "complaint" (which she would evidently have the Court construe as a notice of removal) was mistakenly filed in Case no. 3:10-cv-1164 in August 2012, and was "reassigned" to the instant case by order of the Court. (Docket Entry No. 38 at 2). In fact, Plaintiff's filing in the earlier case was rejected as having no effect, as it appeared to be a misplaced response to the pending circuit court action, filed in the

notice of removal, which she filed *pro se* and entitled "Motion to Vacate Order/Assign and Alloted (*sic*) Plaintiff Petition for Damages and Incorporated Memorandum of Law," Plaintiff acknowledged only McCalla Raymer and McCormick as Defendants in the caption, who were not parties to the action filed in the Circuit Court. (Id.) However, with that notice, Plaintiff also filed an Answer and Counterclaim to Defendant Bank of New York's initial state law claims for forcible entry and detainer, identifying the Bank of New York as the other opposing party. (Docket Entry no. 1-3). Plaintiff removed on grounds of diversity and federal question jurisdiction. (Docket Entry No. 1 at 1).

The Plaintiff does not detail the grounds for removal in any documents filed with this Court, but the petition for removal she filed in the Circuit Court explains that the Bank is a foreign corporation (she does not specify where the Bank is domiciled or has its principal place of business), and that the amount in controversy exceeds $75,000, but she does not describe any particulars with regard to the amount in controversy. (Docket Entry No. 1-2 at 4). Because she seeks only injunctive relief, there are no damages calculations from which to gauge the amount in controversy. Further, Plaintiff appears to believe that because her original case from 2010 was pending review in the Sixth Circuit Court of Appeals at the time of filing this petition, this action presented a federal question. (Id. at 4, 5).

Meanwhile, back in the Circuit Court, the Bank filed a motion to set aside the Circuit Court's order dismissing the case on September 12, 2012, because Ms. Hunter had not filed her notice of removal with this Court. (Docket Entry 14-3 at 2). On October 1, 2012, the Circuit Court granted that motion and set aside the order dismissing the case 12C2374. (Id. at 5). The

---

federal case which had been dismissed by the Court, as well as by the Sixth Circuit. (Case No. 3:10-1164, Docket Entry No. 78).

Circuit Court granted default judgment in favor of the Bank on October 29, 2012, after Ms. Hunter filed no objections to default. (Docket Entry 14 at 3).

IV. Analysis

The Defendants assert that this matter should be remanded to the Circuit Court because Ms. Hunter did not remove this case within thirty days after process was served on her in the state court case, as required by 28 U.S.C. § 1446(b). (Docket Entry No. 14 at 8; Docket Entry No. 15-1 at 8). The Defendants assert a handful of other reasons why the case should be dismissed, including improper service of process, failure to state a claim upon which relief can be granted, and that the Rooker-Feldman doctrine bars this claim from being heard in this Court. (Docket Entry No. 14 at 5, 6; Docket Entry No. 15-1 at 7).

a. Notice of Removal

Notice of removal must be filed with the District Court within thirty days of the Defendant receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). Promptly after filing the notice of removal with the District Court, the Defendant must give written notice to any adverse parties and shall file a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446(d). When the copy of notice is filed with the state court, the removal is complete and the state court may not proceed any further with the case unless and until the case is remanded. Id.

This action commenced in Davidson County Circuit Court on June 14, 2012. (Docket Entry No. 14-9 at 2). Ms. Hunter accepted service on June 20, 2012 (Docket Entry No. 14-9 at 9), giving her until July 20, 2012 to remove to this Court. While she filed a notice of removal with the *Circuit Court* within the prescribed time, she did not file any notice of removal with *this* Court until September 26, 2012, more than two months after the statutory deadline. Section 1446 makes clear that the notice of removal must be filed with the District Court, not the original

court, within thirty days after the receipt of a copy of the initial pleading by the defendant. Even if, as Plaintiff asserts, her filing of an "Answer/Counterclaim Petition for Damages and Request for Trial by Jury" in her prior case in this court (Case no. 3:10-1164, Docket Entry No. 77) had been accepted as a Notice of Removal in this case, that filing was not made until August 21, 2012, and would therefore have been untimely by a margin of 32 days. In short, this case is subject to remand on grounds of untimely removal.

### b. Subject Matter Jurisdiction

Aside from the untimeliness of Ms. Hunter's removal of this matter, this Court lacks subject matter jurisdiction over this removal action. "A state-court action may be removed to the federal court if it qualifies as a civil action... of which the district courts of the United States have original jurisdiction..." Rivet v. Regions Bank of La., 522 U.S. 470, 474 (1998). See also 28 U.S.C. § 1441(a). Thus, a case may not be removed to federal court solely on the basis of a federal defense. Loftis v. United Parcel Service, Inc., 342 F.3d 509, 515 (6th Cir. 2003) (citing Caterpillar, Inc. v. Willaims, 482 U.S. 386, 393 (1987)). The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000); B & B Enters. of Wilson Cnty., LLC v. City of Lebanon, 422 F.Supp.2d 903, 904-05 (M.D.Tenn. 2006). "[If] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal based on diversity of the parties must meet the requirements of 28 U.S.C. § 1332. First, the parties must be citizens of different states and the defendant may remove only if he or she is not a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2); see also Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Further, the amount in controversy must exceed the amount specified in 28 U.S.C. § 1332(a), which is $75,000.00. Generally, the amount

in controversy claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount, or unless the amount claimed is merely colorable. Sellers v. O'Connell, 701 F.2d 575, 578 (6thCir. 1983) (citing Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

Ms. Hunter is a citizen of Tennessee (Docket Entry. 1-3 at 2), and thus her removal to this Court is improper under a theory of diversity jurisdiction. Additionally, Ms. Hunter asserts that the Bank of New York Mellon is a foreign corporation, but does not indicate where the Bank is located. The value of the property is not stated in the record, and the Bank of New York's claim is for possession, not ownership. The pleadings of both parties do not contain sufficient alleged facts that suggest diversity of the parties.

Removal is also appropriate if the original state court complaint contains a federal question. 28 U.S.C. §§ 1441, 1331. A claim falls within the federal courts' original jurisdiction under § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." Eastman v. Marine Mechanical Corp., 438 F.3d 544, 550 (6th Cir. 2006) (citing Thorton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990)).

Here, there is no federal claim made by the state court plaintiff, the Bank. Property disputes are traditionally state law claims, the litigation of which does not depend on a resolution of a substantial question of federal law. With no federal component to the state court complaint, this Court would not have original, federal question jurisdiction and removal to this Court is improper.

Because this matter was not removed within the prescribed time, and because this Court

6

lacks original jurisdiction over the claims in this case, this case should be remanded back to the Circuit Court of Davidson County. Because this matter should be remanded, there is no need to investigate further the Bank's other reasons for dismissal.

Because this case was not properly removed to this Court pursuant to 28 U.S.C. § 1446, the Defendant Bank's motion to remand should be GRANTED and all other pending motions in this matter be DENIED as moot.

## IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendant Bank's motion to remand be GRANTED and all other pending motions in this matter be DENIED as moot.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 13th day of August, 2013.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE