UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICKI HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:12-CV-1269 |
| McCALLA RAYMER, PLLC, MICHAEL J. ) | Judge Aleta A. Trauger, |
| McCORMICK, personally and in his capacity ) | Magistrate Judge Bryant |
| as staff attorney for McCalla Raymer, PLLC, ) | |
| BANK OF NEW YORK MELLON ) | |
| CORPORATION; WILSON & ASSOCIATES, ) | |
| PLLC; J. SKIPPER RAY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's August 13, 2013 Report and Recommendation ("R&R") (Docket No. 41), which recommended that the Bank of New York Mellon's ("Bank") Motion to Dismiss or Remand (Docket No. 13) be granted, that this case be remanded to Tennessee state court, and that several other motions (Docket Nos. 9, 13, 15-17, and 31-35) be denied as moot. Micki Hunter, proceeding *pro se*, has filed a Response to the R&R (Docket No. 47), which the court construes as asserting timely objections thereto. Subsequent to the R&R, Hunter also filed a Motion for Leave to File Second Amended Complaint (Docket No. 42) ("Second Motion to Amend"), and the Bank filed a Motion to Dismiss Plaintiff's Complaint on Res Judicata Grounds (Docket No. 45) ("Supplemental Motion to Dismiss.")

The procedural history of this case (referred to herein as "*Hunter II*") and its related predecessor case, *Hunter v. Bank of New York Mellon, et al.*, Case No. 3:10-CV-1164 (M.D. Tenn. filed Dec. 10, 2010) ("*Hunter I*"), is tortuous. Briefly, after Hunter defaulted on her

1

mortgage payments, the Bank foreclosed on her property, sold it to a third party, and, when Hunter refused to relinquish possession of the property, filed a wrongful detainer action in Tennessee state court.[1] After the state court granted judgment to the Bank in 2010, Hunter filed *Hunter I* in this court, asserting claims against the Bank, its counsel (the law firm of McCalla Raymer, PLLC, and McCalla Raymer attorney Michael McCormick), and the presiding state court judge for allegedly engaging in a conspiracy to deprive her of her constitutional rights. The court dismissed the claims and entered final judgment in favor of the defendants on April 3, 2012. (*Hunter I* Docket No. 67.) On May 24, 2013, the Sixth Circuit denied Hunter's appeal in *Hunter I* (*Hunter I* Docket No. 87), and issued the associated mandate on June 18, 2013 (Docket No. 88). According to the Bank, Hunter's time to appeal to the Supreme Court lapsed on August 26, 2013.

While Hunter's appeal to the Sixth Circuit was pending, the Bank filed a Complaint of Forcible Entry and Detainer in Tennessee state court on June 14, 2012 (*See* Docket No. 1, Attachment No. 2, at pp. 1-2), requesting an order to forcibly evict Hunter, who continued to refuse to relinquish possession of her house. On July 18, 2012, Hunter filed a "Notice of Removal" in the state court, purporting to remove the case on the basis of diversity, federal question, and "fraud on the court." In light of that removal notice, the state court issued a July 19, 2012 Order dismissing the state court action. (*See* Docket No. 14, Ex. B.) However, Hunter did not file a corresponding Notice of Removal in this court. Instead, on August 21, 2012 – 32 days later – Hunter filed a so-styled "Answer/Counterclaim Petition for Damages and Request

---

[1]The underlying circumstances at issue are explained in the court's *Hunter I* opinions and in the R&R at issue here. *See, e.g., Hunter I*, 2012 WL 664820 (*Hunter I* Docket No. 56); *Hunter I*, 2012 WL 769728 (*Hunter I* Docket No. 59); and (*Hunter I* Docket No. 66).

2

for Trial" on the *Hunter I* docket. (*Hunter I* Docket No. 77.) On August 23, 2012, the court issued an order stating that the document appeared to relate to a separate case by the Bank against Hunter – of which this court was otherwise unaware at the time – and informing Hunter that it had no effect in *Hunter I*. (*Hunter I* Docket No. 78.)[2]

On September 10, 2012, the Bank filed a Motion to Set Aside the state court's order dismissing the *Hunter II* Complaint, arguing (correctly) that Hunter had not actually removed the case in compliance with 28 U.S.C. § 1441. (Docket No. 14, Ex. 3.) After briefing and a hearing, the state court granted the Bank's motion on October 2, 2012. (*Id.*) Meanwhile, on September 26, 2012 – shortly before the state court reopened *Hunter II* – Hunter filed in this case a so-styled "Motion to Vacate Order/Assign and Allotted Plaintiff Petition for Damages and Incorporated Memorandum of Law." (Docket No. 1.) That document named only McCalla Raymer and McCormick as defendants, but attached the *Hunter II* Complaint and contained no allegations or other references concerning McCalla Raymer and McCormick. The document was docketed as a "Notice of Removal."[3] For reasons that are unclear, the clerk also docketed that same document under a different case number (3:12-mc-70), but thereafter transferred Case No. 3:12-mc-70 to this case. It does not appear that Hunter served this document on the Bank, McCalla Raymer, or McCormick.

---

[2]The Hunter I docket contains a certified mail receipt indicating that Hunter received the court's August 23, 2013 Order on August 24, 2012. (*Hunter I* Docket No. 79.)

[3]For reasons that are not clear from the docket, although Hunter's removal petition contains the file-stamped date of September 26, 2012 (*see* Docket No. 1, Attachment No. 2, at p. 3), the corresponding docket entry is dated October 1, 2012 (*see generally* Docket No. 1). As did the Magistrate Judge, the court will assume that the document was filed on September 26, 2012, the earlier of the two dates.

3

Meanwhile, in the state court action, Hunter failed to answer the *Hunter II* Complaint and did not inform the state court that she had filed a purported Notice of Removal in this court. Accordingly, on October 29, 2012, the state court issued a final order granting the Bank's unopposed Motion for Default Judgment and awarding possession of the property to the Bank.

On December 19, 2012, Hunter filed in this court a so-styled "Ex Parte and Second Motion for Declaratory Judgment and Injunctive Relief" (Docket No. 9), which omitted McCalla Raymer and McCormick from the case caption and instead listed the Bank and its *Hunter II* counsel, namely the law firm of Wilson & Associates, P.L.L.C. and Wilson & Associates attorney J. Skipper Ray, as defendants. It does not appear that Hunter served any of the entities identified in this motion. By January 18, 2013, the Bank apparently learned that it had been identified in the caption, and accordingly filed a "Special Appearance," seeking to dismiss or remand the action. Compounding the confusion, Hunter also (1) sought leave to amend her "original petition" to include the Davidson County Sheriff's Office ("DCSO"), DSCO Sheriff Daron Hall, and a company named Altisource, entities that apparently had evicted Hunter and removed her possessions from the property, presumably pursuant to the Tennessee trial court's October 29, 2012 order (Docket No. 16), and (2) filed a second motion demanding declaratory and injunctive relief against the Bank, Wilson & Associates, the DSCO, and Sheriff Hall (Docket No. 17). Several of these entities filed "special appearances" in this case to seek dismissal and/or remand of the case, including McCalla Raymer and McCormick (Docket No. 15), and Wilson & Associates and Ray (Docket Nos. 34 (joining Bank's motion) and 35 (stating

4

additional grounds for dismissal)).[4]

In the R&R, the Magistrate Judge found that (1) Hunter's Notice of Removal was untimely by at least 32 days, in violation of 28 U.S.C. § 1446(b); and (2) even if the Notice of Removal were timely or her failure to timely file it were excused, the court lacks subject matter jurisdiction because Hunter (a) is a Tennessee resident, thereby defeating diversity removal, and (b) the Bank's Complaint did not contain a federal claim. As the court construes Hunter's objections, Hunter contends that: (1) Judge Bryant did not act impartially; (2) the Sixth Circuit erred or otherwise violated her rights when it affirmed this court's decisions in *Hunter I*; (3) some facts not raised before the Magistrate Judge should be considered now;[5] (4) in ruling on the timeliness of the removal petition, the Magistrate Judge failed to account for the fact that Hunter "met with resistance" from this court's clerk's office when she attempted to file her Notice of Removal on or about August 16, 2012; (5) the case involves claims under 42 U.S.C. § 1983 and/or 1985, thereby conferring federal question jurisdiction; (6) Hunter received payment under an unspecified settlement agreement between "Litton Loan Servicing, LP" and federal banking regulators relating to an unspecified "deficient mortgage servicing foreclosure process," thereby conferring federal jurisdiction over this case; and (7) the state court lacked jurisdiction to award a judgment to the Bank.

---

[4]Collectively, the defendants argued that dismissal was warranted under Rule 12(b)(1) because the court lacked subject matter jurisdiction, under Rule 12(b)(5) for insufficient service of process, under Rule 12(b)(6) for failure to state a claim, and under the *Rooker-Feldman* doctrine, which bars collateral federal review of state court judgments. The defendants also argued that the removal petition was untimely and therefore ineffective.

[5]For example, Hunter now represents, for the first time, that the amount in controversy exceeds $180,000.

5

After the Magistrate Judge issued the R&R, the Bank filed a Supplemental Motion to Dismiss, in which it argues that the court should dismiss Hunter's claims against it with prejudice pursuant to the *Hunter I* judgment. Hunter has also filed a Second Motion to Amend, in which she seeks to "join" Wilson & Associates and its attorneys Edward D. Russell and Ray as defendants.

## ANALYSIS

### I.  Magistrate Judge's R&R

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient, and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

Here, the court finds that most of Hunter's objections are not specific and, therefore, are waived. Furthermore, to the extent Hunter seeks to introduce facts and arguments not raised before the Magistrate Judge – including her vague discussion of an alleged "Litton Loan" settlement – the court will disregard them as waived. Also, to the extent that Hunter urges this court to reconsider its orders in *Hunter I* or to question the Sixth Circuit decision affirming those orders, those objections are inappropriate and, at any rate, have no bearing on the Magistrate

Judge's findings that *this* case was not properly removed.[6]  Finally, as in *Hunter I*, the court finds Hunter's generalized complaints about Judge Bryant's impartiality to be without merit.

The court regards only the following objections to the R&R as sufficiently specific to warrant consideration: (1) Hunter's objection that the Magistrate Judge improperly failed to account for the circumstances of her August 16, 2012 interaction with the clerk's office when evaluating the timeliness of her removal petition; (2) her objection that the Magistrate Judge improperly failed to account for the presence of a federal question; and (3) Hunter's objection that the state court lacked jurisdiction to enter a judgment while her petition was pending in this court.  The court finds all of the objections to be without merit.

First, the Magistrate Judge appropriately found that Hunter's September 26, 2012 removal petition was filed over two months after the statutory deadline and that, even if the court were to construe the "Answer/Counterclaims" improperly filed in *Hunter I* on August 21, 2012 as the relevant removal petition date, the petition would still have been 32 days late.  Under 28 U.S.C. § 1446(b)(1), Hunter was required to file her petition for removal in this court within 30 days of receipt of the initial pleading.  She accepted service of the Complaint on June 20, 2012 (Docket No. 14-9), giving her until July 20, 2012 to remove the case to this court.  Thus, even if Hunter would have filed her *Hunter II* removal petition on August 16, 2012 but for "resistance" from the clerk's office – a position for which she has not provided an adequate factual foundation in the first place – the petition still would have been filed 27 days late.  Therefore, the

---

[6]In its opinion concerning Hunter's *Hunter I* appeal, the Sixth Circuit recited Hunter's argument that the state court judge lacked jurisdiction in *Hunter I*, but otherwise found her stated grounds for appeal to be without merit.  Hunter appears to misconstrue the Sixth Circuit's recitation of her arguments before this court as constituting the Sixth Circuit's findings.

7

court finds no error in the Magistrate Judge's finding that the removal petition was untimely.[7]

Second, although Hunter argues that her "Answer/Counterclaim" alleges deprivations of federal law by the Magistrate Judge, she does not address the Magistrate Judge's finding that the propriety of removal is governed by the *Hunter II* Complaint, which does not contain any federal claims.[8] Therefore, notwithstanding Hunter's attempt to shoehorn federal counterclaims into this case through her removal petition, the court finds that, even if the removal petition were timely, the court would lack subject matter jurisdiction over this case.

The court also finds no impropriety relative to the state court proceedings. Hunter did not inform the state court of her September 26, 2012 removal petition – which was defective *ab initio* – and apparently sought to skirt the state court's exercise of authority by filing that petition well after the statutory deadline without notice to the state court or to the Bank. Also, there is no indication that Hunter objected to the Bank's Motion for Default Judgment on any basis, jurisdictional or otherwise. Indeed, before filing her "Second Motion for Declaratory and Injunctive Relief" on December 19, 2012, the Bank did not even appear in the case caption on

---

[7] Because the court finds that Hunter's removal petition failed because it was untimely – *i.e.*, grounds for remand adequate and independent of the lack of subject matter jurisdiction – this court's remand order will not be reviewable on appeal. *See* 28 U.S.C. § 1447(d) (current 2013) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," subject to exceptions not relevant here); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 126-129 (1995) (remand order on basis of untimely removal not reviewable under § 1447(d)); *Ohio ex. rel. Petro v. Bulgartabac Holding Grp.*, 167 F. App'x 512, 515 (6th Cir. 2006) (where untimeliness of removal petition provided an independent and adequate basis for remand order, § 1447(d) barred appellate review of that order). Nevertheless, in the interest of completeness, the court will address the remaining aspects of the R&R to which Hunter has objected.

[8] Hunter does not contest the Magistrate Judge's finding that the court lacks original jurisdiction on the basis of diversity because Hunter is a Tennessee resident.

this docket.  In the absence of adequate notice to the state court and the Bank, the state court understandably acted upon the Bank's submissions, including reopening the case (in state court) and issuing a final order authorizing Hunter's forcible eviction.  Finally, even if the state court should have refrained from ruling on the pending Motion to Set Aside its original order dismissing the case and/or the motion authorizing Hunter's forcible eviction (a heroic assumption given that Hunter did not inform the state court of her untimely September 26, 2012 removal notice), it would not affect the fact that Hunter's removal notice was untimely and, therefore, ineffective.

## II.     Nature of the Remand Order

Given the confusion generated by Hunter's submissions, the court must clarify the nature of the case that it is remanding.  It appears that Hunter may have attempted to challenge the *Hunter I* judgment (in some respect) by naming McCalla & Raymer and McCormick in the case caption in some filings in this case.  However, because McCalla & Raymer and McCormick were not parties to the *Hunter II* Complaint, they were not subject to the original removal petition, and they have not been properly added as parties after Hunter filed that (procedurally defective) petition.  Similarly, because the removal petition was untimely and therefore ineffective, Hunter's subsequent attempts to add Wilson & Associates and Ray as parties by motion are now moot.

As a consequence, the court is remanding only the case that Hunter purported to remove in the first place, namely a lawsuit *by the Bank against Hunter*.  The court expressly regards all entities other than Hunter and the Bank as *not* parties to the case being remanded.  The fact that the caption for this case lists Hunter as the "plaintiff" and the Bank and several other entities as

9

"defendants" is simply the result of the confusing and improper manner in which Hunter has attempted to invoke the jurisdiction of this court.

## III.   Post-R&R Motions

Because the notice of removal was procedurally defective, the court lacks jurisdiction over this case.  Therefore, the court is without power to address the merits of Hunter's Second Motion to Amend or the Bank's Supplemental Motion to Dismiss.[9]

On a final note, if Hunter continues to pursue claims or counterclaims against the Bank or any other entity related to the underlying foreclosure and eviction proceedings, Hunter is strongly advised to retain an attorney or, at a minimum, to consult with one.  Her attempt to proceed *pro se* has, as the Magistrate Judge noted, resulted in "a plethora of procedural and substantive problems."  (*See* R&R at p. 1.)[10]

Therefore, Hunter's Objections are **OVERRULED** and, subject to the clarifications set forth herein, the Magistrate Judge's R&R is **ACCEPTED** and made the findings of fact and conclusions of law of this court.  The Bank's Motion to Dismiss and/or Remand (Docket No. 13) is **GRANTED** (Docket No. 13).  The remaining motions (Docket Nos. 9, 15-17, 31-35, 42, and 45) are **DENIED AS MOOT**.  This case is hereby **REMANDED** to the Circuit Court for

---

[9]The Bank states that it waited to bring the motion until the Sixth Circuit's *Hunter I* ruling became final on August 26, 2013 – the date on which it represents that Hunter's right to appeal to the United States Supreme Court expired.   To the extent necessary, it will be for the state court to determine the preclusive effect of *Hunter I*.

[10]Furthermore, if Hunter continues to pursue claims against entities such as McCalla Raymer and McCormick, who were subject to the *Hunter I* judgment, she runs the risk that a court could order her to pay the costs and/or attorney's fees of those entities in defending themselves.  Here, the court will not award costs and attorney's in favor of the putative "defendants" – although some have requested them – but it does feel compelled to alert Hunter to the potential stakes for her after the case is remanded to Tennessee state court.

10

Davidson County, Tennessee.

    It is so **ORDERED**.

    Enter this 23rd day of September 2013.

_____
ALETA A. TRAUGER
United States District Judge